*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY, formerly known as
DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

UNPUBLISHED
July 30, 2020

            Appellee,

v

No. 347897
Wayne Circuit Court
LC No. 18-008087-AE

JCE ACQUISITIONS, LLC,

            Appellant.

Before: RIORDAN, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

SHAPIRO, J. (*concurring*).

I concur in the result, but respectfully disagree with the majority's analysis. I believe the majority is in error to the degree it suggests that the corporate form is, in and of itself, sufficient to conclude that multiple, largely identical, enterprises owned by a single person are each individual employing units. The cases cited by the Agency make clear that the entities' forms of ownership, while relevant, are not dispositive.

I concur based upon the reasoning of the Administrative Law Judge—whose analysis the Michigan Compensation Appellate Commission adopted. The ALJ concluded that the Agency lacked the authority to issue a *redetermination* that took a single employing unit and divided it into multiple, separate employment units. The Agency cites to MCL 421.14 as permitting Agency redeterminations as to employee unit status. But as pointed out by the ALJ, "[s]ection 14 of the Act . . . refers <u>only</u> to situations where an entity has been determined to be an 'employing unit,' but is later determined to be an employer. This is the opposite of what happened here . . . ." I would decide the case on that basis and leave for another day the substantive question whether a group of businesses with these characteristics can be classified as separate employing units.

I concur in reversing the trial court and reinstating the decision of the MCAC.

/s/ Douglas B. Shapiro

-1-